Hui Ying LIN, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales,[1] Respondents.

No. 04–4415–AG.

United States Court of Appeals, Second Circuit.

Jan. 23, 2006.

1. United States Attorney General Alberto Gonzales is substituted for former Attorney General John Ashcroft as respondent. *See* Fed. R.App. P. 43(c)(2).

G. Victoria Calle, New York, New York, for Petitioner.

Dunn Lampton, United States Attorney for the Southern District of Mississippi, Alfred B. Jernigan, Assistant United States Attorney, Jackson, Mississippi, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA"), it is hereby OR-DERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Hui Ying Lin, a citizen of China, petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision, which denied Lin's application for asylum, and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ's finding that Lin's testimony was inconsistent with reports offered into evidence is supported by the record. The U.S. State Department report submitted into evidence, entitled *China: Country Reports on Human Rights Practices—2002* (March 31, 2003), indicates that people who have an unapproved child have to pay a social compensation fee, but makes no mention of fines issued to people who abort a child. There is also no mention of detention as part of the enforcement, or penalties for violation, of family planning law in the Country Report, nor is detention discussed in the profile submitted into evidence entitled *China: Profile of Asylum Claims and Country Conditions* (April 14, 1998). This supports the IJ's finding that there was no evidence that there were fines assessed for children who were conceived but not born or that family planning detention facilities exist in China. While an IJ must not place "excessive reliance" on reports in discrediting contrary evidence presented by the applicant, *see Tian–Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir.2004), the IJ does not appear to have done so here, but rather to have considered it as one factor among others that tended to undermine Lin's credibility.

The IJ's reliance on Lin's inconsistent statements about how her forced abortion by miscarriage was brought on was a "specific, cogent reason" that bore "a legitimate nexus" to the finding, *see Secaida–Rosales*, 331 F.3d at 307, and such inconsistency was not "minor." *See Diallo*, 232 F.3d at 288. At the credible fear interview, Lin specifically indicated that she was forced to take pills that led to the abortion, and at the hearing, she indicated that she felt the abortion via miscarriage was due to something that had been

put in her food, and also stated that the officials "put something in her needle" that she thought may have caused her to miscarry. She also specifically denied having made the statement that the transcript of her credible interview plainly indicates she made. As Lin's testimony was indeed inconsistent on this crucial detail, the IJ's decision that she was not credible was based on substantial evidence.

■ The third basis for the IJ's adverse credibility finding was lack of corroborating evidence, a factor which, while it cannot form the sole basis for such a determination, can be one of the bases. *See Diallo,* 232 F.3d at 287. This Court has noted that "to turn down a refugee candidate for want of sufficient corroboration, the adjudicator must (a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available to the petitioner." *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir. 2003). The IJ noted that the documents that would have been helpful and relevant were statements from Lin's family in China to corroborate the details of her story. As to the IJ's finding that there was no "credence" to Lin's explanation that her family was too afraid to write on her behalf, we cannot say that no reasonable adjudicator would have found such, particularly in view of the fact that Lin's cousin, who resides here, was able to obtain Lin's birth certificate during a trip to China. *See Zhou Yun Zhang,* 386 F.3d at 73. Moreover, Lin has waived any challenge to the IJ's reliance on the lack of corroboration of her alleged fine and the revocation of her parents' shop license as she has not challenged those bases in her brief to this Court. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir. 1995).

■ Because claims for withholding of removal face a heavier burden of proof than claims for asylum, *see Zhou Yun Zhang,* 386 F.3d. at 71, an applicant who fails to establish eligibility for asylum necessarily fails to establish eligibility for withholding where, as here, the applicant's testimony is the only evidence that his or her "life or freedom would be threatened" in the home country, 8 U.S.C. § 1231(b)(3)(A).

The decision of the BIA is accordingly AFFIRMED and the petition for review is DENIED.